## IN HABERSHAM SUPERIOR COURT.

DOE *ex dem.* HAMMOND *vs.* ROE and REDDIN, Tenant, &c.

### *Ejectment.*

In this case, both parties claimed title from Kneeland Tyner, the grantee. On the second day after issuing the grant (August, 1824,) a deed was executed by Keeland Tyner to one Alexander Bryan, who, in October, 1830, executed a deed conveying the land to John H. Hammond, the plaintiff; in a few days after, Hammond had both deeds recorded.

The defendant exhibited in evidence, a deed from Kneeland Tyner to himself, for the land in dispute, dated April, 1827, and recorded December, 1829.

The defendant contended that his deed, according to law, held the land, having been first recorded, and so required the court to charge the jury.

It was also contended for defendant that plaintiff could not in law recover, because the deed to Bryan was from *Keeland* Tyner, and the grant to *Kneeland Tyner*, notwithstanding the defendant's deed was also from Keeland Tyner, and not from *Kneeland* Tyner, and so required the court to charge the jury.

The court charged the jury, that neither of the deeds being recorded in the time required by the statute, they must stand on the same ground as to all the consequences of not recording deeds. The recording gives no preference to deeds, unless done within time, and in this case both deeds being in a similar condition as to the recording, the oldest deed must have the preference.

On the second point, the court charged that the identity of the maker of the deeds was a matter of fact for the jury to decide—that in this case the deed of the defendant was by the same person as the one who had conveyed to Bryan (to wit) Keeland Tyner—if this Keeland Tyner be not the grantee, then the defendant can take nothing by his deed, and there being a demise in the name of Kneeland Tyner the grantee, a recovery may be had in his name, as it will not ap-

*Recording gives no preference to deeds, unless it is done within the time prescribed by the statute. Between deeds standing upon the same footing in other respects, the oldest is to be preferred.*

*Where two parties claim title from the same grantee, the identity of the grantee is matter of fact, to be tried by a jury.*

HABERSHAM.

Doe *ex dem.*
HAMMOND
*v.*
ROE and RED-
DIN, Tenant.

pear that he has ever conveyed, unless he has done so in the name of Keeland Tyner.